FILED
2014 Jul-03  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **BILLY ROLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV _____** |
| | ) | |
| **AMERICREDIT OF AL., INC.,** | ) | |
| **A corp., and MRS BPO, LLC,  a** | ) | |
| **Limited liability corp.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### JURISDICTION

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  This Court has supplemental jurisdiction over state law claims and claims arising under the TCPA which are predicated upon the same facts and circumstances that give rise to the federal causes of action pursuant to 28 U.S.C. § 1367.  Injunctive relief is available pursuant to the TCPA.

2.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA ") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

3.      Plaintiff Billy Roland (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant MRS BPO, LLC (operating under the trade name MRS Associates) ("BPO") is a foreign debt collection firm that solicits and collects on debts, thereby engaging in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of New Jersey and it is incorporated in New Jersey.

5.      Defendant AmeriCredit of Alabama, Inc., is a consumer financing company that was and/or is in the business of providing financing for automobile purchases in the State of Alabama.  Its principal place of business listed with the Alabama Secretary of State is in Montgomery, AL.

## FACTUAL ALLEGATIONS

6.      In or about 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.     Plaintiff incurred the debt in order to purchase a truck.  The truck was originally financed by AmeriCredit of Alabama, Inc. ("AmeriCredit"). AmeriCredit assigned, transferred, sold or placed the debt with Defendant.

8.     In or about 2011 or 2012, Plaintiff changed cell phone providers and received a new cell phone number.

9.     Plaintiff did not give Defendants consent to call his new cell phone number.

10.    Defendant BPO, and/or the debt collectors on behalf of Americredit, began harassing collection activities against Plaintiff on Plaintiff's new cell phone number without Plaintiff's consent.

11.    Defendant BPO, and/or the debt collectors on behalf of Americredit, made a large number of harassing and repeated phone calls to Plaintiff's new cell phone number.

12.    Defendant BPO, and/or the debt collectors on behalf of Americredit, refused on one or more occasions to give the mini-miranda and other disclosures as required when leaving voicemails in its efforts to collect the debt.

13.    Defendant BPO, and/or the debt collectors on behalf of Americredit, also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

14.     Plaintiff never gave Defendants permission to call Plaintiff's cell phone with an autodialer, predictive dialer, or to use pre-recorded calls.

15.     The harassing and repeated phone calls have been made within the applicable statute of limitations period.

## SUMMARY

16.     All of the above-described collection communications made to Plaintiff by Defendants and collection agents of Defendants were made in violation of the FDCPA and TCPA.

17.     The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

18.     This series of abusive collection calls by Defendants and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

19.     Defendants' repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

20.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other

negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

21.    Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including the failure to give the required mini-miranda warning and other disclosures.

24.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

25.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

26.    Defendant BPO, and/or the debt collectors on behalf of Americredit, has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant.

27.    There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to Defendant's use of these against Plaintiff's new cell phone number.

28.    Defendant Americredit is also liable for these calls under TCPA as if they were made by the creditor itself.

29.    Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

30.    All actions taken by Defendant BPO, and/or the debt collectors on behalf of Americredit, were taken with malice, were done willfully, recklessly and/or were

done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

31.   All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

34.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

35.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing **obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

36.    Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiff's privacy.

37.    Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

38.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

39.     The conduct of the Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

40.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

41.     All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT IV.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

42.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

43.     Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

44.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

45.     Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

46.     Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

47.     It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

48.     Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

49.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

50.     As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF THE FDCPA

- for an award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

- for an award of statutory damages of $1,000.00 for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- for a permanent injunction to prevent future violations of the FDCPA by Defendant;

- for such other and further relief as may be just and proper.

## COUNT II.

## VIOLATIONS OF THE TCPA

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;

- statutory damages of $500.00 to $1,500.00 per call for Plaintiff;

- for a permanent injunction to prevent future violations of the TCPA by Defendants; and

- for such other and further relief as may be just and proper.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT V.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

•    for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

•    punitive damages; and

•    for such other and further relief as may be just and proper.


Respectfully Submitted,

/s/Brian Spellen
Brian L. Spellen
Attorney for Plaintiff
OF COUNSEL:
Trinity Law Group, LLC
1933 Richard Arrington Jr., Blvd. S.
Suite 223
Birmingham, Alabama 35209
(205) 820-9474

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

**SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**MRS BPO, LLC**
**c/o Registered Agent: Jeffrey M. Freedman**
**3 Executive Campus, Suite 400**
**Cherry Hill, NJ 08002**

**AMERICREDIT OF ALABAMA, INC.**
**c/o The Corporation Company**
**2000 Interstate Park Dr., Ste. 204**
**Montgomery, AL 36109**